# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SAMUEL HACKNEY,

       Plaintiff,            Case No.

v.                              Hon.

LAFONTAINE AUTOMOTIVE
GROUP, LLC.,

       Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
Attorneys for Plaintiff
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 847-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff Samuel Hackney, by and through his attorneys HURWITZ LAW PLLC, and states the following:

## INTRODUCTION

1.    This is an employee rights lawsuit against Defendant LaFontaine Automotive Group, LLC. ("Defendant") based on Defendant's management harboring a discriminatory animus against Arab American employees, one of whom Mr. Hackney's manager referred to as a "fucking sand nigger." Mr. Hackney

complained about the derogatory term, revealed to his manager that he was of Middle Eastern national origin, and was terminated shortly thereafter.

## JURISDICTION AND PARTIES

2. Plaintiff Sam Hackney is an individual residing in the City of Sylvania, County of Lucas, State of Ohio.

3. Defendant LaFontaine Automotive Group, LLC. is a for-profit company with its principal place of business in the City of Dearborn, County of Wayne, State of Michigan.

4. This action arises under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and Michigan's Elliot-Larsen Civil Rights Act (the "ELCRA"), M.C.L.A. § 37.1101, *et seq.*

5. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and 28 U.S.C.A. § 1343(a)(4) (jurisdiction over civil rights claims). This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiff's state law claims.

6. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the Defendant's principal place of business is located and is the district in which the events giving rise to Plaintiff's claims transpired.

7.     The facts and unlawful employment practices within the meaning of Title VII and the ELCRA, and giving rise to this Complaint, occurred within the Eastern District of Michigan.

8.     Defendant is an employer and Plaintiff was its employee at all relevant times within the meaning of Title VII and the ELCRA.

9.     Plaintiff filed a timely charge of discrimination with the EEOC alleging discrimination on the bases of his national origin and retaliation.

10.    Plaintiff's charges were filed within 300 days of the unlawful employment practices alleged in this claim.

11.    Plaintiff received notice of his right to sue from the EEOC on September 23, 2022.

## FACTUAL ALLEGATIONS

12.    Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

13.    Plaintiff is Arab American.

14.    Plaintiff was hired by Defendant on April 1, 2021, as a Business Manager at Defendant's Clinton location.

15.    Plaintiff had relevant work experience at automotive dealerships in Ohio prior to being hired by Defendant.

16.     At the time of his hiring, General Manager John Berghoefer and Used Car Sales Manager David Riley assured Plaintiff that he would receive additional training from fellow Business Manager Summer Hazimi.

17.     On May 13, 2021, two months into Plaintiff's employment, Plaintiff was discussing with Mr. Riley certain technical issues and Plaintiff's need for login credentials, when Mr. Riley became aggravated and told Plaintiff, "I'm not your trainer, that's [Ms. Hazimi's] job."

18.     When Plaintiff suggested to Mr. Riley that Ms. Hazimi had not been very helpful, Mr. Riley shook his head in disapproval and stated, "fucking sand nigger," in reference to Ms. Hazimi.

19.     Plaintiff responded, "Hey, are you aware I'm Lebanese?"

20.     After initial silence, Mr. Riley then stated, "I thought you were Mexican."

21.     After Plaintiff left Mr. Riley's office, he contacted an employee in Defendant's Human Resources Department and left a message for her to contact him.

22.     Prior to May 13, 2021, Mr. Riley complimented Plaintiff's work ethic and told him he would be successful with Defendant.

23.     Six weeks into his role, Plaintiff had already earned $20,132.31 in performance-based commission for his presumably solid performance.

24.     Despite Plaintiff's demonstrated success, he was terminated on Monday, May 17, 2021, five days after Mr. Riley's shocking comment and Plaintiff's subsequent call to human resources.

25.     That day, Plaintiff was called into an office with Mr. Riley and New Car Manager Jacob Mallet.

26.     There, Messrs. Riley and Mallett stated that Defendant was "moving in a new direction."

27.     Plaintiff asked for further clarification following his termination, but no further explanation was provided.

28.     Plaintiff promptly filed for unemployment, only to find out that Defendant contested the claim, alleging Plaintiff had been fired for "poor performance."

### COUNT I
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. 2000(e)(3)(a)
### *(against Defendant LaFontaine Automotive Group, LLC.)*

29.     Plaintiff incorporates the preceding allegations as if fully set forth herein.

30.     At all relevant times, Defendant was an employer with greater than 15 employees and Plaintiff was an employee covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e(b).

31.     Plaintiff engaged in protected activity by opposing Mr. Riley's discrimination against Ms. Hazimi and then contacting Defendant's Human Resources department following Mr. Riley's derogatory comments and requesting a conversation.

32.     Defendant subsequently subjected Plaintiff to adverse employment actions by terminating his employment.

33.     Defendant's actions were motivated by unlawful retaliation against Plaintiff due to his protected activity.

34.     But for Plaintiff's protected activity, Defendant would not have subjected him to such adverse actions.

35.     Defendant's actions were taken in reckless disregard of Plaintiff's federally protected civil rights, entitling Plaintiff to punitive damages.

36.     As a direct and proximate result of Defendant's actions, Plaintiff has been placed in financial distress, suffered a  loss of earnings and benefits, suffered an impairment of his earning capacity and ability to work, and will continue to suffer in the future.

37.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, and embarrassment, and will continue to suffer in the future.

## COUNT II
## RETALIATION IN VIOLATION OF
## MICHIGAN'S ELLIOT-LARSEN CIVIL RIGHTS ACT
## M.C.L. 37.2202(a)(1)
### *(against Defendants LaFontaine Automotive Group, LLC.)*

38.     Plaintiff incorporates the preceding allegations as if fully set forth herein.

39.     At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. 37.2202 *et seq.*

40.     Plaintiff engaged in protected activity by contacting Defendant's Human Resources department following Mr. Riley's shocking comments and requesting a conversation.

41.     Defendant subjected Plaintiff to adverse employment actions including terminating his employment.

42.     Defendant's actions were motivated by unlawful retaliation against Plaintiff due to his protected activity.

43.     But for Plaintiff's protected activity, Defendant would not have subjected him to such adverse actions.

44.     As a result of Defendant's conduct, Plaintiff has suffered financial loss and emotional distress as described herein.

## **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff prays for relief as follows:

A.      Judgment against Defendant in the amount of Plaintiff's unpaid back pay, front pay, injunctive relief, declaratory judgment, liquidated damages, punitive damages, and attorney fees under Title VII and the ELCRA;

B.      Award Plaintiff appropriate equitable relief, compensatory damages, and exemplary damages;

C.      Award Plaintiff appropriate civil penalties;

D.      Award Plaintiff all costs, attorneys' fees, and interest incurred prosecuting this claim; and

E.      All further relief as this Court deems just and equitable.


Respectfully submitted
HURWITZ LAW PLLC

    */s/ Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorney for Plaintiff

Dated:   October 31, 2022

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SAMUEL HACKNEY,

      Plaintiff,                Case No.

v.                                Hon.

LAFONTAINE AUTOMOTIVE
GROUP, LLC.,

      Defendant.

---

Noah S. Hurwitz (P74063)
Grant M. Vlahopoulos (P85633)
HURWITZ LAW PLLC
Attorneys for Plaintiff
617 Detroit St., Ste. 125
Ann Arbor, MI 48104
(844) 847-9489
Noah@hurwitzlaw.com
Grant@hurwitzlaw.com

---

## **JURY DEMAND**

      NOW COMES Plaintiff Samuel Hackney by and through his attorneys

HURWITZ LAW PLLC, and hereby demands a trial by jury of the issues in the

above-captioned cause of action.

                             Respectfully submitted
                             HURWITZ LAW PLLC

                             */s/ Noah S. Hurwitz*
                             Noah S. Hurwitz (P74063)
Dated: October 31, 2022          Attorney for Plaintiff

9