UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL HACKNEY,

        Plaintiff,

v.

LAFONTAINE CHRYSLER DODGE
JEEP RAM OF CLINTON, INC.,

        Defendant.
_____/

Case No. 22-cv-12612
Honorable Linda V. Parker

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION (ECF NO. 26)**

On October 31, 2022, Plaintiff Samuel Hackney brought an action against his former employer, LaFontaine Chrysler Dodge Jeep Ram of Clinton, Inc. ("LaFontaine"), alleging that LaFontaine retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and the Elliot-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2701.  (*See* ECF No. 14.)  LaFontaine subsequently moved for summary judgment, which this Court granted in an opinion and order entered on September 23, 2024, ("Opinion and Order").  (ECF No. 24.)  The Court concluded that Mr. Hackney established a prima facie case of retaliation—including showing that he engaged in protected activity; however, it also found that LaFontaine established a legitimate,

nonretaliatory reason for Mr. Hackney's termination and that Mr. Hackney failed to show that the decision was driven by Mr. Riley's retaliatory animus

The matter is now before the Court on Mr. Hackney's motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h) and Federal Rule of Civil Procedure 59(e). (ECF No. 26.) LaFontaine has filed a response to the motion. (ECF Nos. 28.) For the reasons that follow, the Court is denying Mr. Hackney's motion.

**I.     Standard of Review**

Local Rule 7.1(h) instructs a party to file a motion for reconsideration of final judgments under Federal Rules of Civil Procedure 59(e) or 60(b). *See* E.D. Mich. LR 7.1(h)(1). Motions to alter or amend a judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). A motion to alter or reconsider a judgment is an "extraordinary remedy and should be granted sparingly because of the interests in

finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (explaining that the party seeking reconsideration of an adverse judgment "faces a heav[y] burden").

## II. Applicable Law & Analysis

Mr. Hackney seeks reconsideration, contending that the Court committed a clear error of law. (*See* ECF No. 26 at PageID.335.) He raises two main arguments. First, he contends that he is not required to advance his claims under the cat's paw theory of liability. (*Id*. at PageID.337.) Second, he argues that even if the cat's paw theory applies, this matter should still go before a jury. (*Id*. at PageID.340.) As set forth in subsections A and B, below, the Court rejects Mr. Hackney's arguments. But even if Mr. Hackney demonstrated an error of law with respect to the Court's application of the cat's paw theory, for the reasons discussed in subsection C, LaFontaine was still entitled to summary judgment.

### A. Applicability of the Cat's Paw Doctrine

At the core of Mr. Hackney's first argument is his belief that David Riley, his direct supervisor, was the ultimate decisionmaker as to his termination, not John Berghoefer, the company's general manager. (*Id*. at PageID.335.) With this,

he maintains that the cat's paw doctrine does not apply to this case because the discrepancy as to who was responsible for his termination creates a factual issue that is reserved for a jury. (*Id*. at PageID.339.) According to Mr. Hackney, the record contains evidence that contradicts LaFontaine's claim that Mr. Berghoefer was the ultimate decisionmaker. (*Id*. at PageID.337-38.)

The Court acknowledges Mr. Hackney's argument that he does not concede that Mr. Berghoefer was the ultimate decisionmaker. The Court did not give proper consideration to this point in its Opinion and Order. Where the Supreme Court and the Sixth Circuit have applied the doctrine, there was no dispute as to who made the final adverse action against the plaintiff—a fact that is material to the premise of the age-old fable and legal theory. *See generally Staub v. Proctor Hosp.*, 562 U.S. 411 (2011); *Seoane-Vazquez v. Ohio State Univ.*, 577 F. App'x 418 (6th Cir. 2014); *Marshall v. The Rawlings Co*., 854 F.3d 368 (6th Cir. 2017). If Mr. Riley made the decision to terminate Mr. Hackney, there is no reason to invoke the doctrine.

Accordingly, the Court turns its focus to the evidence that Mr. Hackney proffers to support his argument that Mr. Riley was the true decisionmaker as to his termination. To be exact, the Court must, in the light most favorable to Mr. Hackney, determine whether the termination letter and LaFontaine's interrogatory response "presents a sufficient disagreement to require submission to a jury or

whether it is so one-sided that [LaFontaine] must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The Court does not have the authority "to weigh the evidence and determine the truth of the matter" when deciding a motion for summary judgment. *Id*. at 249.

Regarding LaFontaine's discovery response, Mr. Hackney asked LaFontaine to "[i]dentify the individual(s) that made the decision to terminate Plaintiff," to which LaFontaine responded that Mr. Riley, Jacob Mallett, and Mr. Berghoefer "*were involved in* the decision to terminate Plaintiff's employment." (ECF No. 26 at PageID.338 (emphasis added).) Regarding the termination letter, Mr. Hackney contends that Mr. Riley's signature on his employee separation form demonstrates that Mr. Riley made the termination decision. (*Id*. at PageID.337.)

The Court does not find that this evidence establishes a genuine issue of material fact that Mr. Berghoefer was not the ultimate decisionmaker. Mr. Berghoefer indicates in his affidavit[1] that he had the "ultimate responsibility for

---

[1] Mr. Hackney appears to suggest that the Court should not rely on this "self-serving affidavit that was disclosed for the first time in Defendant's [summary judgment [m]otion." (ECF No. 26 at PageID.335.) The fact that a declaration is "self-serving," as Mr. Hackney claims, is not a reason to disregard it. Every declaration or affidavit is "self-serving" if it supports a declarant's position. That is, "[d]eposition testimony, affidavits, responses to interrogatories, and other written statements by their nature are self-serving." *Camara v. Mastro's Rests. LLC*, 952 F.3d 372, 374 (D.C. Cir. 2020) (quoting *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013)). As a result, "the term 'self serving' must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment." *Id*. (quoting *Hill*, 724 F.3d at 967). A

personnel matters like the hiring and firing of employees" and that he made the "decision regarding firing Hackney." (ECF No. 21-6 at PageID.169, 171.) No reasonable juror could find that LaFontaine's discovery response contradicts Mr. Berghoefer's affidavit. LaFontaine's response only indicates that Mr. Riley was involved in the decision to fire Mr. Hackney–not that he made the termination decision. The fact that LaFontaine identified an individual other than Mr. Berghoefer and Mr. Riley who was involved in the decision makes it even more unlikely that the response is "sufficient evidence upon which a jury could reasonably find for" Mr. Hackney on his argument that the response establishes that Mr. Riley was the final decisionmaker. *See Liberty Lobby*, 477 U.S. at 252.

The separation form is also insufficient to create a triable issue. Mr. Hackney merely states that Mr. Riley signed the form. He notably does not dispute LaFontaine's assertion that Mr. Riley signed the form as a witness. Viewing the form in the light most favorable to Mr. Hackney, the Court is doubtful that Mr. Riley's signature on the form, especially as a witness, could lead a reasonable juror to conclude that Mr. Riley made the decision to terminate Mr. Hackney.

---

party may use an affidavit to support a motion for summary judgment so long as the statements are sworn, based on personal knowledge, set out admissible facts, and show that the affiant is competent. *See* Fed. R. Civ. P. 56(c)(4); *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 515 (6th Cir. 2022). The affidavit is uncontested, and the Court does not find any basis to exclude Mr. Berghoefer's affidavit.

The cases Mr. Hackney relies upon are unhelpful. Those courts understandably questioned the identities of the final decisionmakers because the plaintiffs presented extensive evidence, such as deposition testimony from employees, that precluded summary judgment. *See Basora v. Cornell Storefront Sys., Inc.*, No. 3:19-CV-2028, 2022 WL 11913161, at *5 (M.D. Pa. Oct. 20, 2022) (pointing out that the defendant's statement about who made the ultimate termination decision was rebutted by the sworn testimonies of five employees and the defendant's own interrogatory responses stating that individuals other than the claimed person made the ultimate decision); *Yoo v. Beulah Heights Univ.*, Inc., No. 1:20-CV-1103-MHC-CCB, 2022 WL 22807247, at *6, *14 (N.D. Ga. Feb. 4, 2022), *report and recommendation adopted*, No. 1:20-CV-1103-MHC-CCB, 2022 WL 1446834 (N.D. Ga. Mar. 30, 2022) (finding that the defendant's claim as to the identity of the decisionmaker was contradicted by deposition testimony and conflicting information about who had the decision-making authority to terminate and who actually terminated one of the plaintiffs).

The separation form and interrogatory response do not support any inference that Mr. Riley made the decision to terminate Mr. Hackney's employment. The Court, therefore, finds that application of the cat's paw theory is appropriate here.

B.     Analysis of the Cat's Paw Doctrine

Mr. Hackney's second argument echoes his first one: "even if [he] is required to proceed under a "Cat's Paw" theory, [he] should have still defeated summary judgment given the factual issue as to who the decision maker was." (ECF No. 26 at PageID.335.)  The Court directs Mr. Hackney to its analysis of the cat's paw theory in its Opinion and Order, which explains that Mr. Hackney does not establish that (1) Mr. Riley, a non-decisionmaker, motivated by retaliatory animus towards Mr. Hackney, intended to cause Mr. Hackney's termination; and (2) Mr. Riley's retaliation was the but-for cause of Mr. Berghoefer's decision to terminate Mr. Hackney.  See Staub v. Proctor Hosp., 562 U.S. 411, 422 (2011) (establishing the cat's paw rule in the context of the Uniformed Services Employment and Reemployment Rights Act); Chattman v. Toho Tenax Am., Inc., 686 F.3d 339, 350-52 (6th Cir. 2012) (applying the rule in the context of a race discrimination action and analyzing the facts under the proximate causation standard); Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013) (holding that retaliation claims must be analyzed under but-for causation); Seoane-Vazquez v. Ohio State Univ., 577 F. App'x 418, 427-29 (6th Cir. 2014) (clarifying how the rule functions in a retaliation case); Sloat v. Hewlett-Packard Enter. Co., 18 F.4th 204, 211-12 (6th Cir. 2021) (applying the rule in the context of retaliation

and reiterating that the jury must find that the discriminatory animus had a determinative influence on the decisionmaker).[2]

## C. Protected Activity

Title VII prohibits retaliation against an individual because the individual "has opposed any practice made an unlawful employment practice by this chapter." 42 U.S.C. § 2000e-3(a). ELCRA similarly provides that one shall not "[r]etaliate or discriminate against a person because the person has opposed a violation of this act." Mich. Comp. Laws § 37.2701(a). The Court sua sponte reconsiders its conclusion that Mr. Hackney engaged in protected activity.

As a reminder, Mr. Hackney claims he engaged in protected activity when, in response to Mr. Riley calling another employee a "fucking sand nigger," Mr. Hackney asked Mr. Riley, "Do you know I'm Lebanese?" (ECF No. 21-3 at PageID.148.) Putting aside what might be deemed the vagueness of Mr. Hackney's response, registering an "isolated complaint" about a single "racist remark" is not protected activity. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (determining that the plaintiff's complaint about a single incident where supervisor and colleague made sexual joke was not protected activity

---

[2] In briefly addressing Mr. Hackney's argument that "the Sixth Circuit's analysis in *Sloat* requires reconsideration of [the Court's Opinion and Order]" (*Id.* at PageID.336), the Court does not find *Sloat* persuasive as the facts are distinguishable from those before the Court.

because "[n]o reasonable person could have believed that the single incident . . . violated Title VII's standard" for a hostile work environment); *see also Childers v. Gen. Motors LLC*, No. 16-cv-14428, 2019 WL 630274, at *7 (E.D. Mich. Feb. 14, 2019) (finding that registering an "isolated complaint" about a single "racist remark" was not protected activity); *see also Cooks v. Ford Motor Co.*, No. 3:21 CV 1368, 2023 WL 3740302, at *9 (N.D. Ohio May 31, 2023) (characterizing as "at most a vague charge of discrimination" the plaintiff's calling another employee racist "for believing all black people look the same" after that employee docked the plaintiff's pay for leaving his shift early when the plaintiff denied leaving early). Mr. Hackney's complaint concerning a single ethnic slur did not convey his belief that he was subjected to a hostile work environment. Notwithstanding the utter disrespect that this dehumanizing language conveys, case law precedent holds that it is not "conduct made unlawful" under Title VII or ELCRA.

For this reason, as well, the Court concludes that LaFontaine was entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that Mr. Hackney's motion for reconsideration is

**DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 28, 2025